**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRYANN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>AB TOWING SERVICES, INC.; GAVIN BARRACKS; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names of unidentified individuals),<br><br>Defendants. | **Civil Action No. ________**<br><br>**COMPLAINT & DEMAND FOR TRIAL BY JURY** |

Plaintiff, TerryAnn Brown ("Plaintiff"), by way of an EEOC Charge against Defendant AB Towing Services, Inc. ("Defendant AB" or "Corporate Defendant") and Defendant Gavin Barracks ("Defendant Barracks" or "Individual Defendant") (together with Corporate Defendant, "Defendants") alleges as follows:

**INTRODUCTION**

This case concerns the most basic right of a woman – to work in an environment free from discrimination on the basis of gender and/or sex. At the outset of Plaintiff's employment, Defendant Barracks told Plaintiff that "women can never be equal to men" and "a woman's job is catering to men." Defendant Barracks demanded that Plaintiff clean toilets "because you are a woman, and if you don't that's laziness for a woman." When Plaintiff confronted Defendant Barracks regarding his sexist comments, he confirmed, "hell yeah I'm a fucking sexist!" and immediately retaliated against Plaintiff by terminating her employment. Such conduct is disheartening, has no place in any work environment, and is the exact conduct the Civil Rights Act

of 1964, 42 U.S.C. §2000e et seq., and Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et seq. intends to eradicate. Plaintiff accordingly brings this lawsuit.

## PARTIES

1. Plaintiff is an individual residing in West Norriton, Pennsylvania. At all times relevant hereto, Plaintiff was employed by Defendant AB as Receptionist and Tow Truck Dispatcher.

2. Defendant AB is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a main business address of 2680 Egypt Road, Norristown, Pennsylvania, 19403.

3. Defendant Barracks, is at all times relevant hereto, employed as Owner of Defendant AB. Defendant Barracks was Plaintiff's direct supervisor at all times relevant hereto. This claim is brought against Defendant Barracks in his individual capacity and/or as an agent, servant, representative, and/or employee of Defendant AB during the course of his employment.

4. Defendant ABC Corporations 1 through 5 are currently unidentified business entities who have acted in concert with Corporate Defendant, and/or currently unidentified business entities responsible for the creation and/or implementation of anti-discrimination policies of Corporate Defendant, and/or currently unidentified business entities who have liability for the damages suffered by Plaintiff under any theory advanced herein.

5. Defendants John Does 1 through 5 are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of anti-retaliation and/ or anti-discrimination policies of Corporate Defendant and are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff incorporates each and every allegation set forth above as if repeated fully herein at length.

7. Defendant AB provides assistance with roadside emergencies and vehicle transportation.[1] Defendant AB offers a variety of services, including but not limited to towing, emergency response, vehicle storage, vehicle recovery, lockouts, tire changes, and jump starts.[2]

8. In or around early September 2025, Defendants hired Plaintiff as a Tow Truck Dispatcher and Receptionist. Plaintiff is the only female employed by Defendant AB.

9. Immediately after Plaintiff commenced employment with Defendant AB, she noticed that the workplace was rife with unlawful discrimination on the basis of gender and/or sex.

10. By way of example, Defendant Barracks regularly told Plaintiff and other employees that ***"women can never be equal to men"*** and ***"a woman's job should be catering to a man."***

11. Further, Defendant Barracks told Plaintiff that she should clean the bathrooms and toilets at Defendant AB ***"because you are a woman."***

12. On other occasions, Defendant Barracks told Plaintiff that she should clean the office ***"because you are a woman, and if you don't that's laziness for a woman."***

13. On one occasion, Defendant Barracks missed a call from his friend. Defendant Barracks called him friend back in front of Plaintiff and told his friend he couldn't answer ***"because I was playing with my dick"*** and laughed. Defendant Barracks' overtly sexual comment about his penis made Plaintiff extremely uncomfortable.

14. Defendant Barracks memorialized his sexist beliefs on Instagram and often

---

[1] *See* https://www.abtowingpa.com/ (Last Accessed October 31, 2025).
[2] *Id.*

reposted or shared content about women being lesser than men. Defendant Barracks has posted videos that state: "feminism has destroyed dating and marriage;" women have a "natural inclination" to be "corrupt" and "manipulative;" feminism is a "fake civil rights movement;" "the less rights for women the better;" and women advocating for rights "has become a cancer to society."

15. On or around October 20, 2025, Defendant AB's bathroom had a plumbing issue that required a sewage company to pump the pipes.

16. Days later, on October 22, 2025, Defendant Barracks demanded to know why Plaintiff had not cleaned the toilet yet.

17. Plaintiff responded that she is not the only employee who uses that bathroom. Plaintiff asked Defendant Barracks, ***"are we having this conversation because I am a woman,"*** to which Defendant Barracks responded, ***"yes."***

18. Plaintiff was at her wits end after enduring sexism and gender discrimination on a daily basis at Defendant AB. Plaintiff called out Defendant Barracks' behavior and said, "you are sexist." Defendant Barracks responded, ***"hell yeah I'm a fucking sexist!"***

19. Plaintiff informed Defendant Barracks that his mindset towards woman was "nasty." Defendant Barracks responded, ***"I have plenty of woman in and out of my house every month. I don't give a fuck."***

20. Plaintiff was disgusted by Defendant Barracks' response and attempted to leave Defendant AB's office to avoid further discrimination. Defendant Barracks jumped up to follow Plaintiff out and began clapping in her ear to intimidate her.

21. Thereafter, Plaintiff objected to Defendant Barracks' sexism in writing and demanded that Defendants' sexism cease immediately. On or around October 23, 2025 Plaintiff

wrote:

Dear Gavin Barracks / [HR Department],
I am writing to formally report incidents of sexual discrimination and inappropriate comments made toward me in the workplace by you; Gavin Barracks.
On multiple occasions, you made remarks implying that I should perform cleaning duties **because I am a woman**. Prior to the incident on 10/22/25 you have made multiple remarks slandering women, putting restrictions on what you think a woman should or not not do opposed to a man. Telling me I should be cleaning the office because I am a woman and if I don't that's laziness for a woman. Asking me why isn't the toilet cleaned after the sewer guys came to pump when I am not the only one that uses the bathroom. When I asked are we having this conversation because i am a woman you replied "yes". You also stated phrases that *"women can never be equal to men* on multiple occasions in the office. and that a women's job should be catering to men. I have ignored multiple inappropriate things but have dated the times it happened, including when you received a phone call from your friend that you missed and you got on the phone he asked why you didn't answer & you replied infront of me you "was playing with my dick" then proceeded to laugh with the over man on the phone. In addition, you've made a highly inappropriate and sexualized comment when I called you a sexist during our altercation on 10/22/25 & you agreed by yelling "hell yeah ima fucking sexist" then when I responded with that's trifling your relationships won't flourish with that nasty mindset your response was that I could *"have plenty of women in and out my house every night. I don't give a fuck"*. Then when I got out my desk to leave you jumped out of your desk walking behind me clapping your hands and yelling as if you wanted to intimidate me. Then I said I'm about to record this you tried to calm down but I still have some parts recorded. These statements are discriminatory, unprofessional, and have created a hostile work environment for me. I consider these comments to be sexual harassment and gender-based discrimination, which violate both company policy and federal workplace laws.
I am requesting that this matter be formally investigated and that appropriate action be taken to ensure a respectful and equal work environment.
Please confirm receipt of this complaint and advise me of the next steps in your investigation process.
Sincerely,
**TerryAnn Brown**
**Receptionist/ Dispatcher (Tow)**
**10/23/25.**

22. In response to Plaintiff's complaint, Defendant Barracks immediately terminated Plaintiff's employment. Defendant Barracks wrote, in part:

> It was highly inappropriate for you to bring up personal conversations you overheard me having on various occasions and speaking about my personal life. When you proceeded to pack up your belongings, hand me the office keys and walk out the door, you made it clear you no longer wanted your job which is fine because it was evident that you were no longer a fit for the position. Furthermore, you turning around to come back into the office to argue with me when you already left, was unnecessary and unprofessional.
>
> While your employment did not work out with AB Towing, I wish you the best in your future endeavors.

23. Defendant Barracks' response confirms that he spoke inappropriately in front of Plaintiff and that he terminated Plaintiff's employment because after Plaintiff objected to Defendant Barracks' sexism, "it was evident that you were no longer a fit for the position."

24. As a result of the decisions made by Defendants, Plaintiff has suffered and continues to suffer economic losses and pecuniary damages including but not limited to lost income and benefits past, present, and future.

25. Plaintiff has suffered and continues to suffer severe emotional distress as a result of Defendants' unlawful and discriminatory termination.

**COUNT ONE**
**PENNSYLVANIA HUMAN RELATIONS ACT – DISPARATE TREATMENT**
**DISCRIMINATION DUE TO GENDER and/or SEX**
**(Against All Corporate Defendants)**

26. Plaintiff incorporates each and every allegation set forth above as if repeated fully herein at length.

27. The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of gender in violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

28. Plaintiff possessed the requisite skill, experience, education, and other job-related requirements of her employment position with Defendants.

29. Plaintiff could perform the essential functions of her employment position while working for Defendants.

30. Defendants discriminated against Plaintiff by terminating her employment after she reported unlawful gender discrimination in the workplace.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendants and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

**COUNT TWO**
**PENNSYLVANIA HUMAN RELATIONS ACT – RETALIATION**
**(Against All Corporate Defendants)**

31. Plaintiff incorporates each and every allegation set forth above as if repeated fully herein at length.

32. The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

33. Plaintiff engaged in a protected activity when she objected to Defendant Barracks' repeated gender discrimination and demanded an investigation regarding same.

34. Defendants retaliated against Plaintiff by terminating her employment as a result of her complaints of gender discrimination.

35. The close temporal proximity between Plaintiff's protected activity and Defendants' adverse employment action establishes causation.

36. As a direct and proximate cause of the Defendants' unlawful acts and omissions as previously mentioned, Plaintiff has been discharged from his position of employment with Defendant AB.

37. Because of the unlawful actions undertaken by Defendants, jointly or severally, Plaintiff has suffered and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendants and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence

damages, attorney's fees and such other relief as the Court shall deem appropriate.

**COUNT THREE**
**TITLE VII – DISCRIMINATION, HOSTILE WORK ENVIRONMENT, & DISPARATE TRETAMENT DUE TO GENDER and/or SEX**
**(Against All Corporate Defendants)**

38. The preceding paragraphs are incorporated by references as if fully set forth.

39. The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of religion and/or national origin in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

40. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in her favor and against Defendants, and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

**COUNT FOUR**
**TITLE VII – RETALIATION**
**(Against All Corporate Defendants)**

41. The preceding paragraphs are incorporated by reference as if fully set forth.

42. The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

43. Defendants retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

44. Defendants, by and through its employees, retaliated against Plaintiff for having exercised her rights under federal and state law.

45. Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendants and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

Dated: September 16, 2026 By: **/s/ Matthew A. Luber, Esq.**

Matthew A. Luber, Esq. – PA ID # 309323
Natalie M. LaRosa, Esq. – PA ID # 336726
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Dr Suite 400
Marlton, NJ 08053
Phone: (856) 985-9800
Fax: (856) 263-2450
mal@njlegal.com
nml@njlegal.com
*Attorneys for Plaintiff, TerryAnn Brown*